# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:00CR10-1 |
| | § | 4:02CR84-1 |
| TROY DIONNE CANADY | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 19, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Kevin McClendon.

Troy Dionne Canady was sentenced on February 16, 2001, in Case Number 4:00CR00010-001, before The Honorable Richard A. Schell of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C Felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. Troy Dionne Canady was subsequently sentenced to a 3-year term of probation subject to the standard conditions of release, plus a special condition to participate in drug testing and treatment. On May 9, 2003, the term of probation was revoked after it was alleged that Troy Dionne Canady violated his conditions of probation by committing a new offense of Felon in Possession of a Firearm and by possessing and using a controlled substance. Upon revocation, Troy Dionne Canady was sentenced to 30 months imprisonment followed by a 3-year term of supervised release subject to

REPORT AND RECOMMENDATION – Page 1

the standard conditions of supervision, plus the following special conditions: participate in drug treatment and testing; pay any financial penalty imposed by the Court; financial disclosure; and no contact with the victim, Rhonda Ann Wood Canady. Also on May 9, 2003, Troy Dionne Canady was sentenced in Case Number 4:02CR00084-001, before the Honorable Richard A. Schell of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C Felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of V, was 120 months. Troy Dionne Canady was subsequently sentenced to 120 months imprisonment followed by a 3-year term of supervised release. The term of supervised release is subject to the standard conditions of release, plus the same special conditions imposed in Case Number 4:00CR00010-001. On July 6, 2016, Troy Dionne Canady completed his period of imprisonment and began service of the supervision term.

On May 1, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 55 in 4:00CR10, Sealed; Dkt. 53 in 4:02CR84, Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) the defendant shall not illegally possess a controlled substance; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

The Petition alleges that Defendant committed the following acts: (1) and (2) Troy Dionne Canady violated these conditions of supervised release when he possessed and used marijuana on or about August 1, 2017; February 11, 2018; February 22, 2018; March 2, 2018; March 9, 2018; March 13, 2018; March 20, 2018; and March 22, 2018. All of these specimens were confirmed

positive by Alere Laboratories, Inc.

Prior to the Government putting on its case, Defendant entered a plea of true to both allegations outlined in the Petition. Having considered the Petition and the plea of true to allegations (1) and (2) of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months in each of cases 4:00CR10 and 4:02CR84, to be served concurrently, followed by fifteen (15) months of supervised release in case 4:02CR84. There is no term of supervised release to be served in case 4:00CR10.

The Court also recommends that Defendant be housed in the medical Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 25th day of June, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE